UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. SNEED, | : | Case No. 5:17 CV 83 |
| Petitioner, | : | |
| | : | Judge Patricia A. Gaughan |
| vs. | : | |
| | : | |
| CHARLOTTE JENKINS, Warden, | : | **MEMORANDUM OF OPINION** |
| | : | **AND ORDER** |
| Respondent. | : | |

Before the Court is Respondent Warden Charlotte Jenkins' ("Respondent") motion to transfer Petitioner David Sneed's ("Petitioner") second-in-time petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 8.) In his petition, Petitioner contends that Ohio's statutory death-penalty scheme is unconstitutional under the recent Supreme Court decision in *Hurst v. Florida*, __ U.S. __, 136 S. Ct. 616 (2016) (requiring a defendant's death sentence to be based on a jury verdict rather than a judge's fact-finding). (ECF No. 2.) Respondent argues that the petition should be transferred to the Sixth Circuit pursuant to 28 U.S.C. §1631 for a determination of whether the petition is barred as a "second or successive" petition under 28 U.S.C. § 2244(b). Petitioner filed a memorandum in opposition. (ECF No. 11.) Respondent filed a reply. (ECF No. 13.) For the following reasons, Respondent's motion to transfer is granted.

**I. Relevant Background**

On June 11, 1986, an Ohio jury found Petitioner guilty of the aggravated murder of Herbert Rowan and the death-penalty specification, among other charges. *See State v. Sneed*, 63 Ohio St. 3d 3, 3 (Ohio 1992). On July 27, the jury recommended that Petitioner receive the death penalty. *Id*. The trial court adopted the jury's recommendation and imposed the death sentence. *Id*.

Ohio courts affirmed Petitioner's convictions and sentences. *See, id.* at 6 (direct appeal); *Sneed v. Ohio*, 507 U.S. 983 (1993) (denying certiorari on direct appeal); *State v. Sneed*, 96 Ohio St. 3d 348, 349 (Ohio 2002) (application to reopen direct appeal); *State v. Sneed*, 2000 WL 1476140, at *1 (Ohio Ct. App. Sept. 29, 2000) (post-conviction petition).

On March 25, 2004, Petitioner filed in this Court a petition for writ of habeas corpus. (Case No. 1:04 CV 588, ECF No. 1.) The Court denied and dismissed his petition on March 2, 2007. (Case No. 1:04 CV 588, ECF No. 30.) The Sixth Circuit affirmed that judgment. *Sneed v. Johnson*, 600 F.3d 607, 608 (6th Cir. 2010), *cert. denied*, 562 U.S. 1006 (2010).

Petitioner now has filed a second petition for writ of habeas corpus. (ECF No. 2.) He claims his Ohio murder conviction and death sentence are unconstitutional pursuant to a purportedly new constitutional rule announced in the recent Supreme Court case *Hurst v. Florida*, __ U.S. __, 136 S. Ct. 616 (2016). (*See* ECF No. 11 at 2.) The Court held in *Hurst* that Florida's capital sentencing scheme violated a defendant's Sixth Amendment right to a jury trial because it required a judge, after receiving an advisory jury's recommendation, to make the critical findings necessary to impose the death penalty. *Hurst*, 136 S. Ct. at 621-22.

2

Respondent argues in the motion now before the Court that Petitioner's new habeas petition must be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as an unauthorized "second or successive" petition under § 2244(b) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 8 at 2.)

## II. Analysis

Under the gatekeeping provisions of § 2244(b), claims presented in a "second or successive" habeas application that were previously presented in a federal habeas petition must be dismissed. 28 U.S.C. § 2244(b)(1). Claims that were not previously presented in a "second or successive" petition also must be dismissed unless they rely either on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. 28 U.S.C. § 2244(b)(2). If a petition is "second or successive," a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

### A. This Court's Jurisdiction

Respondent contends the Court lacks jurisdiction in this matter because petitioner did not first obtain permission from the circuit court to file a second habeas petition as required by § 2244(b)(3). (ECF No. 8 at 2.) She cites as authority the Sixth Circuit's decision in *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), in which the court stated: "[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." (ECF No. 8 at 2-3.)

3

More recently, however, in *In re Smith*, 690 F.3d 809, 809 (6th Cir. 2012), the Sixth Circuit held that district courts should determine "in the first instance" whether a numerically second habeas petition is "second or successive" within the meaning of § 2244(b). The circuit court explained that "[a] district court has jurisdiction to consider numerically second petitions that are not 'second or successive' petitions within the meaning of 28 U.S.C. § 2244(b) and needs no authorization from us to consider them when they are filed in the district court." *Id*. (citing *Stewart v. Martinez–Villareal*, 523 U.S. 637, 642 (1998) (holding "no need for [petitioner] to apply for authorization to file a second or successive petition" from court of appeals because petition not successive)). And it clarified that its opinion in *In re Sims,*

> which came before the Supreme Court's long line of cases clarifying the meaning of "successive," does not hold that district courts may transfer a numerically second petition to the court of appeals to decide in the first instance whether the petition is "successive" under § 2244(b). Indeed, that would contradict the clear language in *Martinez–Villareal* and subsequent cases that a district court may (and should) rule on newly ripe claims and is "not required to get authorization" from the court of appeals before doing so. 523 U.S. at 644, 118 S.Ct. 1618. Instead, *Sims* instructs district courts to transfer only "successive" petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright.

*Id*.

Thus, this Court must first determine whether Petitioner's petition is "second and successive" under § 2244(b). If it is, the Court may transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether it should be authorized, rather than dismiss it outright. *In re Sims,* 111 F.3d at 47. The court of appeals then may authorize the filing of the successive application "only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *In re*

4

*Bowling*, 422 F.3d 434, 436 (6th Cir. 2005).

### B. "Second in Time" or "Second and Successive"

Whether a petition is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior habeas petition, or, stated differently, whether the petition is "second in time." The phrase "second or successive" is instead a "term of art" that is "given substance" by the Supreme Court's habeas cases. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). And, as the Sixth Circuit has explained, "in a series of post-AEDPA cases, the Supreme Court has confirmed that a numerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition." *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010).

Relying upon *Magwood v. Patterson*, 561 U.S. 320 (2010), Respondent argues that Petitioner's petition is "second or successive" because "it is attacking the same judgment as a previous petition." (ECF No. 8 at 3.) The Supreme Court held in *Magwood* that "[b]ecause Magwood's habeas application challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)." *Id*. at 323-24. But *Magwood* did not hold, as Respondent suggests, that any subsequent petition that attacks the same judgment that a prior petition challenged is successive. In fact, the Court explicitly repeated its prior position that a "second-in-time" habeas petition is not automatically "second or successive" under § 2244(b). It stated,

> This case does not require us to determine whether § 2244(b) applies to every application filed by a prisoner in custody pursuant to a state-court judgment if the prisoner challenged the *same* state-court judgment once before. Three times we have held otherwise. See *Slack v. McDaniel*, 529

> U.S. 473, 487, 120 S.Ct. 1595 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998); *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007).
>
> The dissent's claim that our reading of § 2244(b) calls one of those decisions, *Panetti*, into doubt . . . is unfounded. The question in this case is whether a first application challenging a new sentence in an intervening judgment is second or successive. *It is not whether an application challenging the same state-court judgment must always be second or successive.*

*Id*. at 335 n.11 (emphasis added).

Petitioner asserts that his petition is not "second or successive" because his "*Hurst* claims . . . were neither ripe nor actionable at the time he filed and litigated his first habeas petition." (ECF No. 11 at 3.) He argues *Hurst* announced a "watershed procedural rule," by "mak[ing] clear that the Sixth Amendment requires a defendant's death sentence to be based on a jury verdict, not a judge's factfinding." (*Id*.) As support, Petitioner relies primarily on *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), and *Panetti v. Quarterman*, 551 U.S. 930 (2007). (*Id*. at 5.) In those cases, the Supreme Court held that the statutory bar on second or successive applications does not apply to claims under *Ford v. Wainwright*, 477 U.S. 399, 410 (1986), which prohibited the execution of insane prisoners, that are filed after the state has obtained an execution warrant. *Martinez-Villareal*, 523 U.S. at 640 (as to an identical, previously filed claim); *Panetti*, 551 U.S. at 947 (as to a claim that had not been presented in an earlier petition). This exception is based on the ripeness doctrine, permitting a petitioner to file what is functionally a first petition as to a previously unripe claim that becomes ripe only when execution is imminent, since an individual's competency to be executed cannot properly be assessed until that time. *See Martinez-Villareal*, 523 U.S. at 645 ("Respondent brought his claim in

a timely fashion, and it has not been ripe for resolution until now."); *Panetti*, 551 U.S. at 945 ("We conclude, in accord with this precedent, that Congress did not intend the provisions of AEDPA addressing 'second or successive' petitions to govern a filing in the unusual posture presented here: a § 2254 application raising a *Ford*-based incompetency claim filed as soon as that claim is ripe.").

Respondent replies that Petitioner is "flatly mistaken" that *Hurst* is a new rule of constitutional law. (ECF No. 13 at 1.) Rather, he argues, "it has been clearly established law *for over 14 years* that the Sixth Amendment requires a jury to find any aggravating circumstance which renders the defendant eligible for a capital sentence." (*Id.* at 1-2 (emphasis original).)

The Court agrees. The Supreme Court in *Hurst* plainly and expressly *applied* the standard it first set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and later applied to capital cases in *Ring v. Arizona*, 536 U.S. 584 (2002), to Florida's capital-sentencing scheme; it neither expanded the *Apprendi/Ring* rule nor announced a new rule. As the *Hurst* Court explained, in *Apprendi*, it held that "any fact that 'expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict' is an 'element' that must be submitted to a jury." *Hurst*, 136 S. Ct. at 621 (quoting *Apprendi*, 530 U.S. at 494). And in *Ring*, the Court stated, "we concluded that Arizona's capital sentencing scheme violated *Apprendi*'s rule because the State allowed a judge to find the facts necessary to sentence a defendant to death." *Id*. The Court then reasoned, "[t]he analysis the *Ring* Court applied to Arizona's sentencing scheme applies equally to Florida's." *Id*. at 621-22. It concluded, "[i]n light of *Ring*, we hold that Hursts's sentence violates the Sixth

Amendment." *Id*. at 622. The Court acknowledged that it had earlier reviewed and upheld Florida's capital sentencing statute in two cases, but now overruled them as "irreconcilable with *Apprendi*." *Id*. at 623. Indeed, Petitioner appears to recognize *Hurst*'s reliance on *Apprendi* and *Ring* when he describes the *Hurst* decision as "mak[ing] clear" the *Apprendi* holding. (ECF No. 11 at 3.)

Moreover, Petitioner cannot rely on *Panetti's* and *Martinez-Villareal*'s ripeness theory. The *Ford* claims at issue in those cases were based on the petitioners' mental condition, involving facts that can change significantly over time and, therefore, became ripe only close to execution when those facts could properly be assessed. Here, Petitioner argues his new claims just became ripe not because of new facts – the claims relate to his state-court trial and appeals – but because of a "clarification" of a legal rule that was established many years ago. This extends *Panetti* and *Martinez-Villareal* too far.

Accordingly, the Court finds *Hurst* is not a new rule of constitutional law such that Petitioner can avoid § 2244(b)(2)'s bar on second and successive petitions.[1] *See also Hutton v. Mitchell*, 839 F.3d 486, 499 (6th Cir. 2016) (in applying *Hurst* to petitioner's habeas claim, court explained that the *Hurst* Court "reiterated" *Apprendi*'s holding, and "rel[ied] on *Ring* . . ."); *Raglin v. Mitchell*, 2016 WL 4035185, at *2-3, n.1 (S.D. Ohio July 28, 2016) (Merz, M.J.) (Report & Recommendation) (concluding that *Hurst* is not a "new"

---

[1] Petitioner also argues that his claims are now "ripe" because the Ohio Supreme Court retroactively applied *Hurst* in *State v. Kirkland*, 145 Ohio St. 3d 1455 (Ohio 2016), as have state supreme courts in Florida and Delaware. (ECF No. 11 at 5-6.) Respondent does not address this argument. Because the Court has determined that *Hurst* is not a new constitutional rule, it will not reach the issue of *Hurst*'s retroactivity.

substantive or procedural rule for purposes of retroactivity analysis under *Teague v. Lane*, 489 U.S. 288 (1989)); *State v. Mason,* __ N.E.3d __, 2016 WL 7626193, at *13 (finding the Supreme Court "did not create a new standard in *Hurst* by which we are to judge the death penalty"; rather, it applied *Apprendi* and *Ring*); *In re Bohannon v. State*, __ So.3d __, 2016 WL 5817692, *5 (Ala. 2016) (finding the Supreme Court's holding in *Hurst* "was based on an application, not an expansion, of *Apprendi* and *Ring*").

### III.  Conclusion

Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2) is "second or successive" within the meaning of 28 U.S.C. § 2244(b).  The Court, therefore, grants Respondent's motion to transfer (ECF No. 8), and hereby orders the Clerk to transfer the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination of whether Petitioner may proceed.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

February 13, 2017